UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  4:21CR00468 SRC |
| | ) | |
| | ) | |
| MONIQUE HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.  PARTIES:

The parties are the defendant, MONIQUE HOWARD, represented by defense counsel, Paul

Sims, Esq., and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri.   This

agreement does not, and is not intended to, bind any governmental office or agency other than the

United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor

bound by this agreement.

### 2.  GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Counts 1, 2, and 7, the United States agrees that it will move

for the dismissal of Counts 3, 5, 6, and 8 as to the defendant at the time of sentencing.   The

government further agrees that no further federal prosecution will be brought in this District relative

to the defendant's participation in a conspiracy to engage in a bank fraud scheme and a scheme to

commit mail fraud between on or about August 6, 2018 and March 20, 2019, of which the

Government is aware at this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

## 3. ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1349, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)    that two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud, as charged in the indictment;

(2)    that the defendant voluntarily and intentionally joined in the agreement when it was first reached or while it was still in effect; and,

(3)    that, at the time the defendant joined in agreement, he knew the purpose of the agreement.

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

2

(1)     the defendant and others knowingly executed and attempted to execute a scheme to defraud St. Louis Community Credit Union, a financial institution, or obtain money, funds, and assets owned by and under the custody and control of the financial institution by means of false and fraudulent pretenses and representations;

(2)     the defendant acted with the intent to defraud; and,

(3)     the financial institution was insured by the United States Government.

As to Count 7, the defendant admits to knowingly violating Title 18, United States Code, Section 1341, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)     that the defendant knowingly participated in the scheme to defraud or to obtain money or property by means of false pretenses, representations or promises;

(2)     that the defendant did so with the intent to defraud; and

(3)     that for the purpose of carrying out the scheme or attempting to do so, the defendant used, or caused the use of, the United States Postal Service and a private or commercial interstate carrier.

## 4.  FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about March 28, 2018, Christopher Tatum, hereinafter "Tatum," submitted articles of organization for Final Lap Auto Center LLC with the State of Missouri Secretary of State. Between August 6, 2018 and March 20, 2019, Tatum, through his business, Final Lap Auto Center LLC,

3

purported to offer a 2014 Audi Q7 to Monique Howard, hereinafter "Howard." Well-knowing that Tatum was not selling the vehicle to her, Howard agrees and admits that she applied for motor vehicle loans from federally insured financial institutions in the Eastern District of Missouri as if the loans were going to be secured by the vehicle. To further the deceit, and with Defendant's knowledge, Tatum submitted to various credit unions counterfeit motor vehicle titles falsely averring that the vehicles were registered to him in the State of Missouri when, in fact, the vehicles were registered to someone else in Texas. Tatum also submitted fraudulent buyer's orders for the vehicles to the financial institutions.

Specifically, Howard agrees and admits that on August 6, 2018, she and Tatum falsely represented to St. Louis Community Credit Union that Tatum, through Final Lap Auto, was selling her a 2014 Audi Q7 with vehicle identification number WA1LGAFE2ED010797. Howard further agrees and admits that Tatum submitted counterfeit Missouri motor vehicle title 29L1EA529 and a fraudulent buyer's order claiming an unpaid balance of $18,600 to the credit union. The counterfeit motor vehicle title included the forged signature of the Director of the Department of Revenue and a Missouri state seal. Howard agrees and admits that she and Tatum engaged in the same conduct on August 8, 2018 by submitting a fraudulent loan application, counterfeit Missouri motor vehicle title 29L1EA529, and a fraudulent buyer's order claiming an unpaid balance of $18,540 to First Financial Federal Credit Union.

In exchange for her role, Tatum paid her a portion of the illegal loan proceeds he received from the credit unions. Howard agrees and admits that because Tatum did not possess title to the 2014 Audi Q7, the credit unions were unable to secure their interest in the vehicle creating a loss of $37,140. Howard further acknowledges that at the time she submitted the loan applications, she

4

had no intention of making payments on the loans.

Howard further admits that between August 17, 2018 and February 12, 2019, she sought loans secured by a 2015 Maserati from a lender insured by the Federal Deposit Insurance Corporation and motor vehicle title loan companies. On August 17, 2018, Howard submitted a motor vehicle loan application to Huntington National Bank to purchase a 2015 Maserati from a car dealership located in the Eastern District of Missouri. The loan was approved and the State of Missouri issued a motor vehicle title to Howard that listed Huntington National Bank as the lienholder.

Howard further agrees and admits that after she registered her ownership of the vehicle with the State of Missouri, Howard submitted to the State of Missouri a lien release letter falsely averring that Huntington National Bank's lien had been satisfied. Believing the lien had been satisfied, the State of Missouri mailed motor vehicle title TGT68544 for the 2015 Maserati on September 13, 2018 from Jefferson City, Missouri to Howard at 3438 Elmhurst Drive, St. Louis, Missouri.

Howard further agrees and admits that she used fraudulently obtained title TGT68544 to secure a $20,000 motor vehicle title loan from Approved Financial. Believing that Howard owned the 2015 Maserati clear of any liens, the title company applied for the issuance of a new title listing itself as the first lienholder. After receiving the loan, Howard submitted a counterfeit lien release to the State of Missouri on behalf of Approved Financial claiming the lien had been satisfied. Accepting the representations as true, the State of Missouri mailed motor vehicle title TJT97654 for the 2015 Maserati on September 13, 2018 from Jefferson City, Missouri to Howard at 3438 Elmhurst Drive, St. Louis, Missouri.

Howard further agrees and admits that, in an attempt to secure a $14,000 motor vehicle title

loan, she presented fraudulently obtained title TJT97654 to Check into Cash, a title loan company operating in the Eastern District of Missouri.

Howard agrees and admits that she did not make any payments to the original lender or to the subsequent title loan companies. Huntington National Bank repossessed the vehicle and resold it. However, due to Howard's fraudulent conduct, Huntington National Bank suffered a loss of $40,000 and the title loan companies suffered a cumulative loss of $34,000. Although the State of Missouri also suffered a financial loss due to the fraudulent title application Howard submitted to the Department of Revenue, the precise amount of loss is unknown at this time.

Howard further agrees and admits that St. Louis Community Credit Union and First Federal Financial Credit Union are insured by the National Credit Union Association. In summary, the parties agree that, with the exception of the loss to the State of Missouri, the aggregate losses caused by Defendant's conduct is $114,140.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of conspiracy to commit bank fraud to which the defendant is pleading guilty in Count 1 is imprisonment of not more than 30 years, a fine of not more than $1,000,000.00, or both. The Court may also impose a period of supervised release of not more than 5 years.

In addition, the defendant fully understands that the maximum possible penalty provided by law for the crime of bank fraud to which the defendant is pleading guilty in Count 2 is imprisonment of not more than 30 years, a fine of not more than $1,000,000.00, or both. The Court may also impose a period of supervised release of not more than 5 years.

The defendant fully understands that the maximum possible penalty provided by law for the crime of mail fraud to which the defendant is pleading guilty in Counts 7 and 8 is imprisonment of not more than 20 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

## 6.  U.S. SENTENCING GUIDELINES 2021 MANUAL:

The defendant understands that Counts 1, 2, 7, and 8 are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a.   Chapter 2 Offense Conduct:

**(1)   Base Offense Level:**   The parties agree that the base offense level is 7 as found in Section 2B1.1(a)(1).

**(2)   Chapter 2 Specific Offense Characteristics:**   The parties submit that the following specific offense characteristics apply: 8 levels should be added pursuant to Section 2B1.1(b)(1)(C) because the loss resulting from the offense was more than $95,000.00 and 2 levels should be added pursuant to Sections 2B1.1(b)(11)(B)(i) because the offense involved the use of an authentication feature.

### b.   Chapter 3 Adjustments:

**Acceptance of Responsibility:**   The parties recommend that three levels should be deducted pursuant to Sections 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and provided timely notification of an intent to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently

7

known.   If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

      **c.  Estimated Total Offense Level:**   The parties estimate that the total offense level is 14.

      **d.  Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

      **e.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

      **a.  Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1)  Non-Sentencing Issues:**   The parties waive all rights to appeal all nonjurisdictional, non-sentencing issues, including, but not limited to, any issues relating to

8

motions, discovery and the guilty plea.

**(2)** **Sentencing Issues:** In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

**b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

**a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.    Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.    Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

**d.   Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count for a total of $300.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.    Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.    Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will

10

be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      **g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the entry of a forfeiture money judgment in the amount of $114,140. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

      The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United

States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.   The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely

12

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

13

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

5/10/2022
Date

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

3/9/22
Date

MONIQUE HOWARD
Defendant

3/9/22
Date

PAUL SIMS
Attorney for Defendant

14